246 S.W.2d 825 (1952)
STATE ex rel. BYERS TRANSP. CO., Inc. et al.
v.
PUBLIC SERVICE COMMISSION et al.
No. 21675.
Kansas City Court of Appeals. Missouri.
March 3, 1952.
Tyre W. Burton, Frank J. Iuen, Jefferson City, Clayton W. Allen, Rockport, for appellants.
James T. Blair, Jr., June R. Rose, Thomas P. Rose, all of Jefferson City, for respondents.
SPERRY, Commissioner.
This proceeding was instituted by Caton Brothers Truck Transport, applicant, before the Missouri Public Service Commission, seeking a permit to operate a regular freight trucking service from Kansas City through St. Joseph, serving Oregon, Forest City, Mound City, Maitland, Skidmore, Craig, Fairfax, Tarkio, Rockport, Langdon and Corning; also to render service between St. Joseph and the last above mentioned towns, and between Kansas City and St. Joseph in the hauling of livestock only.
The Commission, after hearing testimony adduced by applicant and by six protesting motor carriers and a rail carrier, *826 all named in the caption hereof, denied a minor portion of the authority sought but granted the major portion thereof. Protestants sought and obtained a review by the circuit court of Cole County. That court found that the Commission's order and decision, as it relates to Tarkio, is based on testimony having but little tendency to support the order and is against the overwhelming weight of the evidence; and that the evidence is wholly insufficient to support the order and decision of the Commission as it relates to the authority granted in reference to Fairfax, Craig, Forest City, and Oregon. It was adjudged that the order and decision be reversed and the cause remanded to the Commission for further action.
The scope of review in this case is governed by the provisions of Mo.R.S. 1939, § 386.510, V.A.M.S., which provides that suits brought to review the orders and decisions of the Commission "shall be tried and determined as suits in equity." While the court may not substitute its judgment for that of the Commission, it is authorized to determine whether the Commission could have reasonably made its findings and reached its results upon consideration of all the evidence before it. Goetz v. J. D. Carson Co., 357 Mo. 125, 206 S.W.2d 530, 532; and if the order and decision is clearly against the overwhelming weight of the evidence it should be set aside. Dittmeier v. Missouri Real Estate Commission, Mo.App., 237 S.W.2d 201, 203.
From an examination of the record we find the evidence in support of the award, as it relates to the convenience and necessity for the service at Tarkio, Fairfax, Craig, Forest City and Oregon, to be weak and unconvincing.
Mr. Caton, one of the applicants, testified to the effect that he lived in Mound City; that he had received, almost daily, calls for service in that general area from Kansas City but he was not specific as to who asked for the service, or why, or the volume. General testimony to the effect that he received calls for service from people in the area, is not the kind of testimony required to prove necessity and convenience.
Mr. Roberts, bookkeeper for the John Deere Imp., Co., at Tarkio, stated that he had held that position for four months; that he had no knowledge regarding the freight service that was available to the people of Tarkio, and in other towns in that community; that he did not know the rates charged, the quality of service available and rendered by various truck lines; that his company receives its heavy freight over the C. B. & Q. R. R., small parts by express, and uses its own truck extensively. Although he stated that the proposed new service was desirable and needed, his testimony is, obviously, entitled to but very little weight, and is limited to Tarkio.
Mr. Tourtelotte has a gasoline business at Westboro and operates a truck line from Omaha to Rockport, Tarkio, Fairfax and Westboro; he stated that he was not familiar with the service rendered in that area by Williams Truck Lines which, the evidence showed, has served almost all of that general area for many years. He refused to state that there was a need for the service but stated that all little towns were entitled to regular service on small shipments. However, so far as his testimony is concerned, the community may be receiving such service as he thought it should have. Furthermore, he stated that, if the proposed permit is granted, he expected to sell his truck line to applicants.
The only other piece of evidence offered which tends to prove the need for the proposed service, so far as the above-mentioned five towns is concerned, is an application for the issuance of a similar permit to Williams Truck Line, wherein Mr. Williams alleged that the service was necessary and convenient. Mr. Williams stated in effect, that he filed the application as a defensive measure, that he did not believe the service was reasonably necessary or that it would be financially profitable but, that if such a permit was to be issued, he wanted a chance to try and protect his long established business as a carrier in that community; that that was the only reason he filed the application.
Assuming, without deciding, that this evidence was relevant, competent, and material, it is not cogent in view of the circumstances *827 surrounding the filing of the application, and of Mr. Williams' explanation of his reason therefor, and of his belief that the service was not needed and would not be profitable.
Considering the above bits of evidence, separately, none constitutes sufficient evidence of convenience and necessity of the service between Kansas City and Tarkio, Fairfax, Craig, Forest City, and Oregon, to justify issuance of the authority sought; nor does the evidence, as a whole, sufficiently establish its need.
We have held, in two cases, State ex rel. Pitcairn v. Public Service Company, 232 Mo.App. 755, 111 S.W.2d 982, 987; State ex rel. Crown Coach Co. v. Public Service Commission, 238 Mo.App. 287, 179 S.W.2d 123, 129, that proof of convenience and necessity to every small town and hamlet sought to be served by an applicant is not required. However, in this case, it appears that Tarkio is the most important town in the area affected by the service, so far as business is concerned; that it is the most populous town; that the combined population of the towns mentioned in the preceding paragraph is 5274; and that the total population of all the towns for which authority was sought, is 9588. (Some of the towns mentioned in the application are not listed in the 1951 Edition of Rand McNally Road Atlas). It appears, therefore, that necessity and convenience of more than half of the population sought to be served in the towns affected has not been shown by satisfactory evidence. The fact that such evidence was not adduced forms the basis for a finding that no necessity existed. State ex rel. Potashnick Truck Service v. Public Service Commission, Mo.App., 129 S.W.2d 69, 73. The principle announced in the first two above cited cases has no application here.
On behalf of protestants some 37 witnesses gave testimony relative to the lack of convenience and necessity of the service to the area. That evidence was, overwhelmingly, to the effect that all of the towns affected by the proposed service were receiving satisfactory service, and that no additional or different type of service was needed. Several of the witnesses testified specifically regarding Tarkio, Fairfax, Craig, Forest City and Oregon and their testimony was to the effect that present service is adequate.
It is contended by the Commission and by the applicants that the service for which authority is sought would be a direct service from Kansas City to various towns mentioned in the application; that is, a through line service instead of an interline service, as now existing, requiring transfer from one line to another at St. Joseph and, perhaps, other points. Applicants state that they would, at Rockport, transfer from the Kansas City truck that part of their freight destined for certain towns, to one or more of their other trucks, for delivery to those towns; and that the remainder of the freight would be taken to Tarkio, at which place a part would be transferred to other trucks for final delivery. Therefore, the service sought to be rendered would be, in part, not dissimilar to that rendered at present by interline carriers.
There was evidence tending to prove that if applicants were granted the authority sought it would take from the various carriers now serving the area a substantial portion of their revenues, thereby seriously and adversely affecting their ability to render efficient service. There was no substantial contradictory evidence on this feature of the case; and the effect that the proposed service may have upon other existing forms of service is a controlling consideration in this case. State ex rel. Crown Coach Company v. Public Service Commission, supra, 179 S.W.2d 128.
From an examination of the entire record we are of the opinion that the order and decision of the Commission is clearly against the overwhelming weight of the evidence.
The judgment should be affirmed.
BOUR, C., concurs.
PER CURIAM.
The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.