STATE of Missouri, on the Relation of TRANSPORT DELIVERY COMPANY, a Corporation, Appellant,

v.

Tyre BURTON, Charles Henson, E. L. McClintock, D. D. McDonald and William Barton, Members and Comprising the Public Service Commission of Missouri, and John Groner Motor Carrier, Inc., Respondents.

No. 22813.

Kansas City Court of Appeals.

Missouri.

Nov. 3, 1958.

Hendren & Andrae, Jefferson City, for appellant.

Glenn D. Evans, Gen. Counsel, Thomas J. Downey, Asst. Gen. Counsel, Jefferson City, for respondent.

Rozier, Carson & Nacy, Jefferson City, for John Groner Motor Carrier, Inc.

MAUGHMER, Commissioner.

Appellant, Transport Delivery Company, has been engaged in the business of transporting petroleum since 1936. Since 1951, it has been the only authorized common carrier of such products from the Sinclair Terminal at Mexico, Missouri. Since 1942, John Groner Motor Carrier, Inc., designated hereinafter as "Groner", has been engaged first as a contract and later as a common carrier of petroleum products. Groner was authorized to transport from terminals located at Mount Vernon and Belle, Missouri, but its principal supply point was the Phillips Pipeline Terminal at Jefferson City, and its customers there included Cities Service Oil Company, Farm Bureau Service Company, J. D. Street Oil

Company and the D-X Sun Ray Oil Company. Early in 1957, these Groner shippers, or some of them, in order to reduce transportation costs or for other reasons to them sufficient, came to an agreement with Sinclair to draw their supplies in the central Missouri area from the Sinclair Terminal at Mexico instead of from the Phillips Terminal at Jefferson City. Cities Service effectuated such transfer as of January 1, 1957 and Farm Bureau as of July 1, 1957. Street is definitely committed, and Sun Ray will possibly change. On January 27, 1957, Groner filed with respondent Public Service Commission of Missouri its application for extension of its Certificate of Convenience and Necessity to include transporting petroleum products from the Sinclair Mexico terminal, intrastate throughout Missouri. After a hearing, respondent granted the requested additional authority effective as of August 31, 1957. Appellant, who appeared before the Commission as protestant, by certiorari, secured a review before the Circuit Court of Cole County, which court affirmed the Commission. An appeal to this court followed in due course.

Appellant concedes that Groner is qualified to perform the service sought. The Commission found its equipment was in good condition and its financial condition sufficiently strong to enable it to do so. Earl Downen, General Manager of Farm Bureau Service Company, testified that during 1956, his company distributed 1,779,126 gallons from the Jefferson City terminal with Groner as transporter. He said that he was responsible for the purchase and distribution for his company; that there was a seasonal variance in demand, it being heavier during the spring months, and that Groner's service which began in April, 1953, had been satisfactory. He testified that his company supported Groner's application in 1954 for common carrier authority at Jefferson City because it had experienced difficulties with appellant's service and it was felt that a choice of carriers would be beneficial. He said the dif-

ficulties with appellant's service included delayed deliveries which sometimes extended to a week. This witness expressed the opinion that the petroleum business is highly competitive; that competition must be met, especially as to deliveries being on time or customers are lost and that his experience had been that better service is rendered where there is a choice of carriers. He also stated that Groner extended holiday and Sunday service; that Groner had been handling all of their business; that the company wanted to use Groner at Mexico, and that no loss of existing business would thereby come to appellant.

L. W. Witte, formerly Traffic Manager, and now Consultant for D-X Sun Ray Oil Company, supported the application. He, too, said that the business was highly competitive, and that prompt delivery was essential to the retention of satisfied customers. He expressed the belief that in every instance he knew about where there was more than one supplier, there were at least two carriers, and that better service was thereby received. Mr. Witte stated that a supplier needs a choice of carriers in order to receive satisfactory transportation. He also said that Groner had handled his company's business out of the Jefferson City terminal satisfactorily; that Groner handled c. o. d. shipments and performed "key-stop" service but that not all their carriers were authorized or acceptable for such service.

Mr. J. D. Street, President and General Manager of J. D. Street & Company, Inc., testified that his company contemplated receiving products from the Mexico terminal; that Groner had been and was now their transporter out of Jefferson City; that his service was quite satisfactory, and based upon the witness' experience there should be from two to five carriers out of a terminal.

Paul Hite, Manager of Supply and Distribution for Cities Service, supported the application. He stated that his company used Groner as its transporter out of Jefferson City, Mount Vernon and Belle, and would use it out of Mexico if authority is obtained. He expressed the belief that it is not advisable to have only one carrier, and that a choice of carriers is necessary for the best service. It was his testimony that Cities Service was unable to secure a prompt delivery from appellant to Kirksville in January, 1957, and had been required to make such delivery from Jefferson City with Groner as the transporter. Appellant has hauled Cities Service products from the Mexico terminal since January 1, 1957, and excepting the Kirksville incident referred to above, its service has been satisfactory. Appellant has made arrangements, partly by way of leased transports, to handle all of the business from the Mexico terminal. The President of appellant company stated that it was not presently doing any "key-stop" service, c. o. d.s or holiday loadings, and that its rates were higher from the Mexico terminal, but that this rate variance was caused by the labor union.

■■ The action of the Commission in granting the order or certificate is not triable de novo by the circuit or appellate courts. These courts may merely review and determine if the order is supported by competent and substantial evidence, Section 386.510, V.A.M.S.; State ex rel. Kansas City v. Public Service Commission, 362 Mo. 786, 244 S.W.2d 110, and if the order is reasonable and lawful, State ex rel. Interstate Transit Lines v. Public Service Commission, 234 Mo.App. 554, 132 S.W.2d 1082; State ex rel. Smithco Transport Co. v. Public Service Commission, Mo.App., 307 S.W.2d 361. Stated the other way, the burden of proof is upon the party adverse to the Commission's order to show by clear and satisfactory evidence that the order is unreasonable or unlawful, Section 386.-430, V.A.M.S.; State ex rel. City of West Plains v. Public Service Commission, Mo., 310 S.W.2d 925.

Section 390.051, V.A.M.S. reads in part:

"4. If the commission shall find from the evidence that public convenience and

necessity will be promoted, or that there is public need for the creation of the service proposed, or any part thereof, and that the applicant is qualified properly to perform the service proposed * * * a certificate therefor shall be issued.

"5. In determining whether a certificate should be issued the commission shall give reasonable consideration to the transportation service being furnished by any common carrier by rail or motor vehicle and the effect which the proposed transportation service may have upon such carriers; provided, that the issuance of a certificate of convenience and necessity to one carrier shall not prohibit the granting of such certificate to another carrier over the same route if in the opinion of the commission the public convenience and necessity will be promoted by so doing".

In State ex rel. Alton Transp. Co. v. Public Service Commission of Missouri, Mo., 49 S.W.2d 622, it was held that the power to grant or refuse a Certificate of Convenience and Necessity to supply carrier service is committed within defined limits to the Commission's discretion and not to the courts. And in State ex rel. Scofield v. Public Service Commission, 240 Mo. App. 603, 211 S.W.2d 547, loc. cit. 550, it was held that priority in the field, while an element to be considered is not of itself conclusive as to the granting or refusing of a Certificate of Convenience and Necessity to an intrastate motor common carrier.

Appellant contends that even though the Commission found that public convenience and necessity would be served, there is no substantial evidence or findings of fact by the Commission to show "necessity and convenience". This court in State ex rel. Missouri, Kansas & Oklahoma Coach Lines v. Public Service Commission, 238 Mo.App. 317, 179 S.W.2d 132, loc. cit. 136, made the following comment on the question: " 'Necessity' as used in the phrase 'convenience and necessity', as applied to regulations by Public Service Commissions, does not mean essential or absolutely indispensable, but is used in the sense that the motor vehicle service would be such an improvement as to justify or warrant the expense of making the improvement; that the inconvenience of the public occasioned by the lack of motor vehicle transportation is so great as to amount to a necessity. Chicago, R. I. & P. R. Co. v. State, 123 Okl. 190, 252 P. 849. 'Any improvement which is highly important to the public convenience and desirable for the public welfare may be regarded as necessary. If it is of sufficient importance to warrant the expense of making it, it is a public necessity. * * * Inconvenience may be so great as to amount to necessity'. Wabash Chester & Western R. R. Co. v. Commerce Commission ex rel., 309 Ill. 412, 418, 141 N.E. 212, 214''.

We find a Federal court rule on this general subject in Lang Transp. Corporation v. United States, D.C., 75 F.Supp. 915. There the District Court in California held that the issuance of a certificate for public convenience and necessity was a matter requiring exercise of the Commission's expert judgment and its discretion in the field of transportation.

Appellant insists that (1) it is equiped to render satisfactory service from the Mexico terminal, (2) it is extending proper service and (3) it will lose business if the Commission's order is allowed to stand. The Commission's findings do not support appellant's claims in all three of these particulars and we cannot say that such findings are without competent and substantial evidentiary support.

In State ex rel. City of Sikeston v. Public Service Commission of Missouri, 336 Mo. 985, 82 S.W.2d 105, loc. cit. 110, our Supreme Court said: "The question of whether regulated monopoly or regulated competition will best serve the public convenience and necessity in a particular area at any time is for the commission to decide, subject to the qualification that the commission must not act arbitrarily or unreasonably,

which matter is reserved to be passed upon by the courts".

And in State ex rel. Scofield v. Public Service Commission, ante, loc. cit. 551, this court spoke as follows: "Our Sec. 5724 definitely contemplates that the commission shall have the authority to issue a new certificate over a designated route which is already being served by other certificate holders, because it directs that the commission, in deciding whether a certificate shall be issued, ' * * * shall give reasonable consideration to the transportation service being furnished * * * and the effect which such proposed transportation service may have upon other transportation service being rendered: * * *.' We think this language establishes the public policy of this state to be one of *regulated competition* for the benefit of the public and not one of *regulated monopoly,* in so far as common carriers using the highways are concerned. See State ex rel. Missouri, Kansas & Oklahoma Coach Lines, Inc., v. Public Service Commission, supra; State ex rel. Crown Coach Co. v. Public Service Commission, 238 Mo.App. 287, 179 S.W.2d 123".

Respecting appellant's contention that the order issued constitutes a departure from a long established rule of construction that authority will not issue if the carrier already in the field is performing satisfactory service, we make these comments: First. Each case must turn on its own particular facts. Second. In situations which might be described as kindred, the Commission has sometimes granted and sometimes refused to authorize an additional carrier and the courts have in many such instances refused to rule either result to be illegal as amounting to an improper exercise of the Commission's expert judgment and discretion in the field of transportation. Third. The ultimate question on review is, was competent and substantial evidence offered which justifies the result reached?

The Commission in its Report and Order found factually that (a) transportation of petroleum products is a specialized field requiring prompt and exact service, (b) that it is preferable for shippers to have a choice of carriers, (c) that more reliable and dependable service can be had if more than one transporter is authorized, (d) that appellant will not lose business it heretofore has had and, (e) that public convenience and necessity will be promoted by granting the authority requested.

Without any further review of the evidence, we believe that competent and substantial evidence was adduced to justify the Commission's findings of fact and that those findings authorized issuance of the order.

It follows, therefore, that the action of the Commission in granting the Certificate of Convenience and Necessity to Groner herein and the judgment of the Circuit Court in affirming such order must be and is by this court affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the court.

All concur.