**STATE of Missouri ex rel. DAIRYLAND TRANSPORT CORPORATION, Relator-Appellant,**

v.

**PUBLIC SERVICE COMMISSION of State of Missouri, Respondent,**

No. 23442.

Kansas City Court of Appeals. Missouri.

Nov. 6, 1961.

Chinn, White & Dickey, Springfield, for appellant.

Glenn D. Evans, Gen. Counsel, Thomas J. Downey, Asst. Gen. Counsel, Jefferson City, for respondent.

Herman W. Huber, Jefferson City, for intervenor.

BROADDUS, Judge.

This is an appeal from the judgment of the Circuit Court of Cole County affirming an order of the Public Service Commission which granted to Bill Bilyeu, d/b/a Bilyeu Transport Corporation, a certificate of convenience and necessity to operate an intrastate freight carrier of milk and liquid dairy products.

Respondent filed a motion to dismiss the appeal herein. We overruled that motion on August 4th, and see no sound reason why we should depart from that ruling.

For the purpose of brevity, the parties will be referred to hereafter as follows: Dairyland Transport Corporation as appellant; The Public Service Commission as respondent; and Bill Bilyeu, doing business as Bilyeu Transport, will be called Bilyeu.

Bilyeu, an individual, was the applicant before respondent, seeking a certificate of convenience and necessity or authority, pursuant to Section 390.051 RSMo 1959, V.A.M.S., to operate as a common carrier by motor vehicle, over irregular routes, in intrastate commerce, as follows:

"Between Ozark, Springfield, Lebanon, Mountain Grove, Monett, Cabool, El Dorado Springs, Aurora, Bolivar, Jefferson City, St. Louis, and the commercial zones of said Cities, on the one hand, and all points in Missouri, on the other hand, in the specialized service of transporting milk and liquid dairy products in bulk in tank vehicles."

Appellant appeared at the hearing in protest to granting such application.

Bilyeu is a common carrier operating under Certificate of Convenience and Necessity No. T–12,399, issued by respondent, authorizing the transportation of milk and liquid dairy products in bulk, in tank vehi-

cles, between certain points and areas in Missouri. This application seeks to extend or enlarge Bilyeu's authority to operate in the State of Missouri.

Bilyeu is a resident of Ozark, Missouri, and has operated pursuant to the aforesaid authority continuously since 1955, and is in compliance with the rules and regulations of respondent. Bilyeu maintains terminal and repair facilities at Ozark, Missouri, and Cedar Rapids, Iowa, holds intrastate authority in Missouri and Iowa, and operates in nineteen to twenty states in interstate commerce, transporting liquid milk, cream and that type of product under exemptions of the Federal Motor Carrier Act, 49 U.S.C.A. § 301 et seq.

The service involves hauling between receiving stations, dairies, creameries, cheese plants, manufacturing and bottling facilities and does not involve farm to market operations. The shipments are volume movements in large quantities, and the service required fluctuates with seasonal factors and the surpluses and shortages in milk production in a given area. The products transported are highly perishable and expedited delivery and a high degree of sanitation is required.

Bilyeu offered evidence of financial fitness and explained that his fleet of equipment had expanded 300 per cent in the year 1959, so that he now owns and operates 25 tractors and 29 stainless steel tank trailers, which are in good operating condition.

The present application was filed as a result of requests for additional service and the need to file for temporary authority to haul occasional shipments and spot loads.

Approximately 28 per cent of Bilyeu's systemwide operation involves Missouri intrastate service and 16 tractors and 14 trailers are available for intrastate service, and seven additional units are readily available from an affiliated equipment corporation. More mileage is operated in Missouri than any other state and by coordinating interstate and intrastate movements vehicles are available at any point in Missouri at any time, day or night. The instant application will permit better utilization of equipment, reduce operating costs and provide a more flexible operation.

The application was supported by Kraft Foods Co., Adams Dairy, Valley Farm Dairy, Producers Creamery, Greene County Milk Producers Ass'n., Standard Milk Company and Major Cheese Company.

Kraft Foods Company operates a processing plant at Springfield, Missouri, and has receiving stations at Nevada, Versailles, Eldon, California, Buffalo, Marshfield, Mountain Grove, Houston, Ava and Wheaton. This company has utilized Bilyeu's service to transport milk and some cream and has found the service quite good. Kraft operates some equipment for hauling milk between its facilities, but desires inbound service from any point in Missouri, primarily to Springfield, to obtain surplus milk. St. Louis and all other receiving points in Missouri are potential sources of supply with limitations as to quality, price and available transportation. Kraft is always capable of handling more milk and at present there is no transport company which can provide the service this company would like to have available. The business is growing and expanding and at present its Springfield plant is one of the largest of its kind in the world. Delay in time of transit affects the quality of the milk thereby making time of essence in transportation. Bilyeu handled several hundred loads for Kraft during the past year.

Adams Dairy, located at St. Louis and Blue Springs, Missouri, obtains milk in bulk from the St. Louis milk shed, Ava, Mountain Grove, and Lebanon, Missouri and interstate points. It has need for outbound service from St. Louis to market surplus or reject milk. Adams operates no tank truck equipment and supported this application to obtain radial service to and from St. Louis, Missouri, which would be a convenience and benefit to them. Adams has used the service of Bilyeu on inter-

state service and from the Missouri points he is authorized to serve and has found the service very good. Adams received over one million pounds of milk from Ava to St. Louis the month previous to the hearing.

Valley Farm Dairy, of St. Louis, Missouri, also supported the application. It utilizes private carriage but has need for supplemental service from a common carrier due to shortages and surpluses of milk or when its equipment is tied up on other hauls. This company desires to have common carrier service available to it on short notice, and has obtained milk from Ozark, Mountain Grove and Lebanon, Missouri, during the past year and from points outstate.

Producers Creamery Company is engaged in marketing milk and has facilities for receiving and processing milk at Springfield, Cabool, Lebanon, Monett and El Dorado Springs, Missouri. Its need for service is between its plants and also from Lebanon, Cabool and Springfield to St. Louis. Last year it moved about 4,000 loads of milk intrastate between its plants. The witness was asked the following questions relative to service it has received and gave the following answers:

"Q. Now, generally, how have you obtained transportation service for that movement of milk? A. From Dairyland Transport Company.

"Q. What has been your experience with respect to the adequacy of their service when called upon? A. Generally good. However, during flush times we have experienced a shortage of equipment which is our main reason for supporting this application.

"Q. You feel that there is need for additional service in this business of transporting liquid milk? A. That's right."

Producers operates no over-the-road equipment and is dependent on one carrier (appellant) for service. On cross-examination the witness admitted that he had no records to indicate the number of times that appellant (Dairyland) had a shortage of equipment, but on re-direct stated it is with frequency, at the flush time of the year, and further stated that occasionally the tanks furnished had to be cleaned. Producers would continue to use appellant's service but desired additional service which it would use if authorized.

Greene County Milk Producers Association, Springfield, Missouri, supported the application. It operates no tank vehicles and is dependent on others for transportation service. Bilyeu has furnished service in the past consistent with his authority and his equipment was readily available. In the past a lack of authorized transportation service has prevented this shipper from accumulating certain milk. Various receiving stations throughout Missouri are potential sources of supply and dairies throughout the State are potential customers for Grade A milk. At present there is no carrier with radial authority to or from Springfield, and such service would be a benefit and convenience to this shipper.

Standard Milk Company, with plants at Bolivar and Aurora, appeared in support of the application. This company has need for service from Aurora to St. Louis, which movement was being handled by Bilyeu under temporary authority at the time of the hearing, between Bolivar and Aurora, and from Mountain Grove to Aurora and Bolivar, and from Lebanon to Aurora and Bolivar. No common carrier service is available to or from Bolivar or Aurora, except interplant service between Bolivar and Aurora, and this shipper has need for additional carrier service.

Major Cheese Company, of Ozark, Missouri, also supported the application. Bilyeu is authorized to serve Ozark from any point in Missouri and is limited to certain points presently from Ozark. This company markets milk and outbound service as requested would open up markets for over a million pounds of milk per month, and any dairy in the State is a potential

customer. This company operates no transportation facilities and is dependent upon carrier service.

Appellant is the only other common carrier of liquid milk in the State of Missouri. It holds authority from respondent to serve between Monett, El Dorado Springs, Lebanon, Cabool and Springfield, and from those points to St. Louis, Kansas City and Cape Girardeau, and between Nixa, Humansville and Neosho, as shown on Exhibit A. Its main terminal is located at Springfield. It operates tractors and trailers as shown on Exhibit B. All tractors are leased from Erickson Motor Corporation. The traffic of Producers Creamery constitutes the bulk of appellant's operation. Appellant's witness admitted that his company had made application to transport milk between all points in Missouri and stated that in his opinion there was need for such service. Appellant admitted that it does not haul for any of the supporting witnesses except Producers Creamery. Appellant holds itself out to serve any shipper within the scope of its authority and maintains that a grant of the instant application would result in a diversion of some traffic from appellant to Bilyeu.

Section 386.270 V.A.M.S. provides that the orders of the Commission are *prima facie* reasonable and lawful; and Section 386.430, provides that the burden of proof to set aside any order of the Commission shall be upon the party adverse to the Commission to show by clear and satisfactory evidence that the order complained of is unreasonable or unlawful.

In State ex rel. Shepherd, et al. v. Public Service Commission, Mo.App., 142 S.W. 2d 346, 347, this court said:

"Upon appeal to this court on a matter of this character we do not determine the question presented as though we were the Commission. We only determine whether or not the order made by the Commission is reasonable and lawful, in light of the facts and circumstances properly in evidence before it. To determine that the ac-

tion * * * falling within its discretionary powers, as this does, was unreasonable, we must find that the Commission's order is arbitrary, capricious, and without reasonable basis; and the burden of proving it so to be is on respondents. State ex rel. Aiton Trans. Co., v. Public Service Commission, 330 Mo. 1, 49 S.W.2d 614, loc. cit. 617." To the same effect are the cases of State ex rel. Missouri, K. & O. Coach Lines v. Public Service Commission, 238 Mo.App. 317, 179 S.W.2d 132, (Mo. App.) and State ex rel. Transport Delivery Co. v. Burton, 317 S.W.2d 661 (Mo.App.).

In view of the evidence which we have set out in detail we certainly would not be justified in holding that the Commission's order is arbitrary and capricious. In our opinion the order is supported by competent and substantial evidence and the judgment of the Circuit Court upholding it should be affirmed. It is so ordered.

All concur.