STATE of Missouri, ex rel. BEAUFORT
TRANSFER CO., Relator-Appellant,

v.

William R. CLARK et al., Respondents.

No. 25819–20.

Missouri Court of Appeals,
Kansas City District.

Dec. 31, 1973.

Hendren & Andrae, Jefferson City, for relator-appellant.

Jeremiah D. Finnegan, Gen. Counsel, Missouri Public Service Comm., Richard T. Ciottone, Asst. Gen. Counsel, Jefferson City, for respondent.

Before SHANGLER, P. J., and DIXON, PRITCHARD, SWOFFORD and WASSERSTROM, JJ.

DIXON, Chief Judge.

These consolidated appeals arise from separate judgments entered in the Circuit Court of Cole County affirming the Missouri Public Service Commission's orders awarding Certificates of Public Convenience and Necessity for the intrastate motor carrier authority once held by Fisher Trucking Co. The appellant, Beaufort Transfer Co., and Philipp Transit Lines, Inc., each filed applications with the Commission seeking various portions of that authority, and it is from the granting of certain routes to Philipp and the denial of certain parts of the authority sought by Beaufort that Beaufort appeals.

■ Appellate review of adjudicative proceedings before the Public Service Commission is limited to a determination of the lawfulness and reasonableness of the Commission's action; lawfulness is determined from the statutory authority of the Commission to act while reasonableness depends on whether the decision is supported by competent and substantial evidence. Mo.Const. Art. V, Section 22, V. A.M.S. Maag v. Public Service Commission, 384 S.W.2d 801 (Mo.App.1964). It is conceded the Commission's action is within the scope of its statutory authority; it is contended that there is insufficient evidentiary support for the orders made. While the applicant has the burden of proving the need for the transportation authority sought, once such authority is granted, the burden of showing that the decision of the Commission was not based on competent and substantial evidence rests on the protestant. State ex rel. St. Louis-San Francisco Railway Co. v. Public Service Commission, 439 S.W.2d 556 (Mo.App.1969). This court is not authorized to weigh the evidence on appeal; the judgments of the Commission will be affirmed when the record clearly demonstrates that the Commission's orders were supported by substantial evidence.

First, Beaufort contends that the circuit court erred in affirming the respondent's order refusing to grant Beaufort the authority to transport general commodities, including fresh meat and packing house products, between St. Louis and Washington, Missouri. Beaufort sought this regular route authority; Philipp was serving

those points under an existing permanent regular route certificate while Beaufort held a temporary grant of authority to transport meat only for that route issued after the Fisher organization discontinued service.

The Commission made clear findings in the record that there was no need for an additional regular route carrier between Washington and St. Louis. It is apparent from those findings that the Commission took cognizance of the existence of carrier service between those points by three other lines (Philipp, Sheer Transfer Company, and St. Louis, Washington, Union Express). Each such company engaged in the transportation of general commodities, including meat and meat products, under existing permanent authority.

In support of its application, Beaufort presented the testimony of its president, one shipper, and three consignees, all indicating that there was a need to expand the carrier service between Washington and St. Louis. However, Philipp and other protestants offered the testimony of twelve witnesses—five representatives of the protesting truck lines and seven shippers and consignees—indicating that there was adequate carrier service over the routes sought by the applicant. Many referred specifically to the Washington-St. Louis route expressing concern that the addition of a carrier would result in the idling of equipment, decreased revenues for the existing haulers, and a deterioration of service. In addition, the protestants offered to call sixteen (16) other witnesses to testify; but Beaufort stipulated that their testimony would be cumulative.

The Public Service Commission is under a statutory obligation to consider the service provided by other carriers in passing on an application for a Certificate of Public Convenience and Necessity (Sec. 390.051 RSMo 1969, V.A.M.S.), and it must consider the effect which the proposed transportation service may have on the operation and revenues of existing carriers. See: State ex rel. Byers Transp. Co., Inc. v. Public Service Commission, 246 S.W.2d 825 (Mo.App.1952); State ex rel. Missouri Pacific Freight Company v. Public Service Commission, 288 S.W.2d 679 (Mo.App.1956), affirmed 295 S.W.2d 128 (Mo.1956). In view of the evidence indicating that three carriers were competing for business over the Washington-St. Louis route and that each actively solicited business and transported general commodities, including meat and meat products, between those points and the strong showing of concern that the addition of a carrier would adversely affect the existing truckers and the quality of service available, it may not be said that the decision of the Commission was unreasonable or lacked evidentiary support. Beaufort's first point is accordingly denied.

Second, Beaufort contends that the circuit court erred in affirming the Commission's decision awarding Philipp authority to transport fresh meat and packing house products between St. Louis and ten communities which were served by Beaufort under a permanent regular route authority at the time the Philipp application was made. The ten points were Belle, Bland, Canaan, Owensville, Rosebud, Gerald, Leslie, Beaufort, Union, and Jeffriesburg; and the appellant's argument is simply that adequate service was provided to those points and that the applicant failed to prove the need for additional service to those points. Again, the record must be reviewed and the Commission's decision affirmed if supported by substantial evidence of the need for duplicate service over those routes.

In support of its application, Philipp first offered testimony of its president indicating that his line was serving the twenty-six (26) points sought in its application, transporting meat and packing house products under a temporary authority from the Commission. That temporary authority was granted after the Fisher Trucking Co. ceased to provide service to those towns, and it did coincide with the temporary and

permanent authority held by Beaufort. The President of Philipp described the fiscal status of his company as well as the specialized equipment it used for transporting meat and meat products. He indicated that there had been no complaint with the service provided under his temporary authority. In addition, the traffic manager of the Independent Packing Co., a division of Swift & Co., of St. Louis, Missouri, appeared in support of the application. He testified that Independent had consignees for meat and meat products in each of the twenty-six (26) locations for which service from St. Louis was sought, and in his opinion, there was a need for the service proposed. He further indicated that he had been shipping between 1,200 and 1,500 pounds of meat per week on the Philipp line pursuant to its temporary authority.

The only witness appearing for the protestant Beaufort was its President, Olin Slottmann. He indicated that Beaufort held a permanent authority over regular routes to transport general commodities between ten of the twenty-six (26) points sought in the Philipp application, and he contended there was no additional need for service to those points. He stated that between January and May of 1968, his company had made some twelve hundred and forty-six (1,246) shipments of meat from St. Louis to most of the points in the application, averaging about four hundred (400) pounds per shipment. He further indicated that he shipped meat out of St. Louis from five or six consignors in addition to Independent, and that he believed the grant of authority sought would affect his business in view of the competition for routes among certain carriers in the area. No other witness appeared for Beaufort.

■ It is the applicant that carries the burden of showing by affirmative evidence that the public convenience will be enhanced and that there is reasonable necessity for the transportation service requested. State ex rel. Eldon Miller, Inc. v. Public Service Commission, 471 S.W.2d 483 (Mo.App.1971). However, the term "necessity" does not mean "essential" or "absolutely indispensible;" rather, it requires that the evidence must show that the additional service would be an improvement justifying its cost and that the inconvenience of the public occasioned by the lack of a carrier is sufficiently great to amount to a necessity. State ex rel. Transport Delivery Co. v. Burton, 317 S.W.2d 661 (Mo.App.1958). The statute requiring the consideration of other carriers in determining whether to grant a certificate contemplates the authorization of coincident authority and announces a policy of regulated competition for the public benefit instead of officially regulated and sanctioned monopoly. State ex rel. Scofield v. Public Service Commission, 240 Mo.App. 603, 211 S.W.2d 547 (1948). The Commission must decide when the evidence indicates that the public interest will be served by the award of authority to an additional competitive carrier, and it is not within the province of the appellate court to upset that decision so long as there is substantial evidence that such service is in the public interest. State ex rel. Associated Transports, Inc. v. Burton, 356 S.W.2d 115 (Mo.App.1962).

■ The record reveals that there was a showing of need for service to the ten points in question. The evidence showed that a substantial amount of meat and meat products were being shipped by Philipp under a temporary authority to the points in its application including the ten communities served by the appellant under a permanent authority. Furthermore, Beaufort offered testimony that it shipped meat and meat products to the points sought in the Philipp application from five or six consignors in addition to Independent Packing Company, the witness appearing in support of the application. In spite of Beaufort's objection to the grant of additional authority on the grounds that it would adversely affect its business, the Commission found that a need for a duplicate carrier existed and the award of authority to Philipp was

made. On the record made, it cannot be said that this result was unreasonable.

It is apparent that the application of Beaufort is denied as to regular route authority between Washington and St. Louis on a theory that such additional authority would damage existing carriers' ability to serve the demonstrated need. This results, in reality, in a protection of a semi-monopoly. On the other hand, Philipp's application to serve the ten communities served by Beaufort under its permanent authority was granted to create a competitive situation. From this disparate treatment, Beaufort assumes an arbitrary and unfair preference by the Commission in favor of Philipp. In the peculiar circumstance of this case where each of the authorities sought was once exercised by a single carrier, this contention on the surface appears colorable. For such color to have substance, an assumption must be made which the facts do not support. That assumption is that the facts and circumstances of the area served, the need for, and the type of service are comparable. What has been said demonstrates that is not the case. These are separate applications and need not be considered together even though consolidated for appeal. From the whole record, it is apparent that the Commission has protected, as it must, the public interest. In the first application, the public interest requires the regulation of competition to insure reasonably viable carriers. In the second application, the Commission has assured some competition to protect from unrestrained monopoly. The application of these principles to differing requests for authority and facts does not demonstrate prejudice.

■ Finally, the appellant contends that the circuit court erred in affirming the Commission's grant of authority to Philipp to serve between St. Louis and Kansas City, on one hand, and Gasconade, Morrison and Chamois, on the other, because there was no evidence of a need for service in Gasconade specifically. A representative of Philipp testified that between January and April of 1968, his records revealed revenues for shipments made between all points in the application and that twenty shipments had been made under Philipp's temporary authority. These shipments were between the United States Corps of Engineers in Kansas City and the U. S. Engineers and Coast Guard facility in Gasconade; in fact, the Federal operation in Gasconade was characterized as the sole shipper or consignee in that location. Such testimony shows affirmatively a necessity for such service. The respondent argues that the showing of service above, coupled with testimony concerning the three- to five-day delay in shipping from Kansas City to Gasconade required by existing interline service, is sufficient evidentiary support for the grant of its requested authority. The Commission relies on State ex rel. Byers Transp. Co., Inc. v. Public Service Commission, 246 S.W.2d 825 (Mo.App.1952), for the proposition that there is no requirement that the need for service be demonstrated for every small town in the application. In any event there was evidence to demonstrate need and Beaufort has not carried its burden to show the award was not based on competent and substantial evidence.

■ The appellant's point was never specifically presented to the Commission in the application for rehearing, nor was it raised in the circuit court. The application for rehearing must "set forth specifically the ground or grounds on which the applicant considers said order or decision to be unlawful, unjust or unreasonable." Section 386.500(2) RSMo 1969, V.A.M.S. The failure to comply with that requirement in this instance precludes judicial review of the contention. See State ex rel. Pitcairn v. Public Service Commission, 232 Mo.App. 535, 111 S.W.2d 222 (1937).

The judgments are affirmed.

SHANGLER, P. J., and PRITCHARD, SWOFFORD and WASSERSTROM, JJ., concur.

SOMERVILLE, J., not participating because not a member of court at the time the cause was submitted.